**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUANA DEL CARMEN CENTES ACEVEDO,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, JR., et al.,<br><br>Respondents. | Case No. CV 25-11878 FMO (SP)<br><br>**ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On December 16, 2025, Juana Del Carmen Centes Acevedo ("petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Ernesto Santacruz, Jr., Director of the Los Angeles Immigration and Customs Enforcement ("ICE") Field Office; Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General of the United States; and Fereti Semaia, Warden of the Adelanto Detention Facility, in their official capacities, as well as DHS and the Executive Office for Immigration Review ("EOIR") (collectively, "respondents"). (Dkt. 1, Petition at ¶¶ 20-25).

Petitioner also filed an Ex Parte Application for a Temporary Restraining Order ("Application"), seeking her immediate release, or, in the alternative, an order requiring respondents to provide an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the court's Order. (See Dkt. 3, Application at 7, 9). Petitioner also seeks an order

enjoining respondents from removing petitioner outside of this District pending final resolution of this case. (Id. at 9).

The court set an expedited briefing schedule for petitioner's Application, with respondents opposition due by December 21, 2025. (Dkt. 7, Court's Order of December 19, 2025). Respondents filed an untimely opposition to petitioner's Application on December 22, 2025.[1] (See Dkt. 10, Opp.). Although respondents' filing is labeled as a "response and opposition" to petitioner's Application, it does not appear to contest petitioner's allegations in support of her Application. (See, generally, Dkt. 10, Opp.). Accordingly, the court will grant petitioner's Application on that basis alone. See Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]"); see, e.g., Longoria v. Noem, 2025 WL 3302780, *1 (C.D. Cal. 2025) (granting TRO in light of government's failure to oppose application). Petitioner filed her Reply on December 22, 2025. (Dkt. 11, Reply).

## BACKGROUND

Petitioner is an El Salvadoran citizen who entered the United States without inspection over 20 years ago. (Dkt. 1, Petition at ¶ 5(b)). On September 27, 2025, petitioner was arrested by ICE officers in North Hollywood and placed in immigration detention. (Id. at ¶ 19). Petitioner alleges that she was arrested and detained because of a new DHS policy issued on July 8, 2025, which "instructs all ICE employees to consider anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under [8] U.S.C. § 1225(b)(2)(A) and therefore subject to mandatory detention." (Dkt. 3, Application at 7).

After her arrest, DHS charged petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I), and initiated removal proceedings pursuant to

---

[1] The court also required petitioner to provide notice of the briefing schedule order and file a proof of service no later than December 20, 2025, (see Dkt. 7, Court's Order of December 19, 2025), which petitioner timely filed. (Dkt. 8, Proof of Service).

2

8 U.S.C. § 1229a.[2] (See Dkt. 1, Petition at ¶ 6); (Dkt. 1-1, Exh. A, Notice to Appear at ECF 1, 4). Petitioner subsequently sought bond before an immigration judge, (see Dkt. 1-1, Exh. B, September Bond Request at ECF 5); (Dkt. 1-1, Exh. C, December Bond Request at ECF 6), who ruled on October 8, 2025, and again on December 12, 2025, that the immigration court lacked jurisdiction to grant bond in light of Matter of Jonathan Javier Yajure Hurtado, 29 I.&N. Dec. 216 (BIA 2025). (See Dkt. 3, Application at 9-10); (Dkt. 1, Petition at ¶ 9); (Dkt. 1-1, Exh. B, September Bond Request at ECF 5); (Dkt. 1-1, Exh. C, December Bond Request at ECF 6).

Petitioner alleges that her mandatory detention under § 1225(b)(2) violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, et seq. (See Dkt. 1, Petition at ¶¶ 26-31). Petitioner also alleges that she is entitled to the declaratory judgment entered by the court in Maldonado Bautista v. Santacruz (Bautista), 2025 WL 3288403, *9 (C.D. Cal. 2025), as a member of the nationwide class. (See Dkt. 1, Petition at ¶¶ 1-3, 8, 10, 28-31).

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 provides courts with the authority to issue preliminary injunctions or temporary restraining orders ("TRO"). See Fed. R. Civ. P. 65(a) & (b). The purpose of a preliminary injunction "is to preserve the status quo and the rights of the parties until a final judgment" on the merits can be rendered, see U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010), while the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing" for the preliminary injunction. Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439, 94 S.Ct. 1113, 1124 (1974)). The standards for a temporary restraining order and a preliminary injunction are the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001); NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P., 788 F.Supp.2d 1111, 1117 (C.D. Cal. 2011) (same). "Like a preliminary injunction, a temporary

---

[2] Unless otherwise indicated, all further section references are to Title 8 of the United States Code.

restraining order is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Six v. Newsom, 462 F.Supp.3d 1060, 1067 (C.D. Cal. 2020) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365, 376 (2008)).

A petitioner seeking a preliminary injunction or TRO must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20, 129 S.Ct. at 374. Under the Ninth Circuit's "sliding scale" approach, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Id. The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435, 129 S.Ct. 1749, 1762 (2009).

## DISCUSSION

I.   LIKELIHOOD OF SUCCESS ON THE MERITS.

Petitioner contends that as a Bautista class member her detention is governed by § 1226(a), rather than § 1225(b)(2). (See Dkt. 1, Petition at ¶¶ 26-31). Respondents do not contest this issue. (See Dkt. 10, Opp. at 1) ("Respondents acknowledge that Petitioner's claim in this action as to her entitlement to a bond hearing appears to be subject to the Bautista judgment and to any applicable appellate proceedings relating to it. To the extent Petitioner seeks an order requiring such a bond hearing here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require such a hearing be held within seven (7) days.").

On November 25, 2025, the Bautista court certified a nationwide Bond Eligible Class, comprised of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody

determination. 2025 WL 3288403, at *9. On December 18, 2025, the Bautista court entered a class-wide declaratory judgment declaring that the Bond Eligible Class members are detained under § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are therefore "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." 2025 WL 3678485, *1 (C.D. Cal. 2025). The Bautista court vacated the July 8, 2025, DHS policy under the Administrative Procedure Act ("APA") "as not in accordance with law." Id.

Petitioner has shown that she is likely a member of the Bond Eligible Class because she (1) entered the United States over 20 years ago without inspection; (2) was not apprehended upon arrival; and (3) is not being detained under § 1226(c), § 1225(b)(1), or § 1231. (See Dkt. 1, Petition at ¶¶ 5(a)-(c)). As part of the Bond Eligible Class, petitioner is entitled to consideration for release under § 1226(a), but has not yet been given a bond hearing. (See Dkt. 3, Application at 9-10); (Dkt. 1, Petition at ¶ 9). Thus, petitioner is likely to succeed on the merits of her claim that respondents have violated the INA and improperly subjected her to mandatory detention without a bond hearing. See Jean v. Bondi, 2025 WL 3500562, *2 (W.D. Wash. 2025) ("As part of the class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a) and denial of consideration violates the INA.").

II.     LIKELIHOOD OF IRREPARABLE HARM.

Petitioner contends that she will suffer irreparable harm in the absence of a TRO as she will continue to be unlawfully detained under § 1225(b)(2) without a bond hearing. (Dkt. 3, Application at 13). Again, respondents do not oppose. (See, generally, Dkt. 10, Opp.). Under the circumstances, the court finds that petitioner's continued detention without a bond hearing constitutes immediate and irreparable injury, as this violates petitioner's statutory rights afforded under § 1226(a).[3] See Menjivar Sanchez v. Wofford, 2025 WL 3089712, *9 (E.D. Cal. 2025) ("As

---

[3] Although petitioner does not bring a constitutional challenge, (see, generally, Dkt. 1, Petition), her mandatory detention in violation of the INA nonetheless raises serious constitutional concerns. See Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 2498 (2001) ("The Fifth Amendment's Due Process Clause forbids the Government to 'deprive' any 'person . . . of . . . liberty . . . without due process of law.' Freedom from imprisonment – from government custody, detention, or other

other courts that have faced this issue have explained, the violation of Petitioner's statutory rights causes immediate and irreparable injury.") (internal quotation marks omitted).

III.     BALANCE OF THE EQUITIES AND PUBLIC INTEREST.

Petitioner contends that the final two merged factors weigh in her favor because she is challenging respondents' unlawful practice of denying petitioner the opportunity to seek bond. (See Dkt. 3, Application at 14-15).  Respondents do not oppose.  (See, generally, Dkt. 10, Opp.). Accordingly, the balance of equities and the public interest factors also weigh in favor of petitioner. See Vargas v. Jennings, 2020 WL 5074312, *4 (N.D. Cal. 2020) ("Just as the public has an interest in the orderly and efficient administration of this country's immigration laws[,] . . . the public has a strong interest in upholding procedural protections against unlawful detention.") (internal quotation marks and citation omitted); Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law[.]") (internal quotation marks omitted).

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Ex Parte Application **(Document No. 3)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner or, in the alternative, provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of this Order.

---

forms of physical restraint – lies at the heart of the liberty that Clause protects.).  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690 (1976)); see Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention" and holding that plaintiffs had "established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time"); see also Escobar Salgado v. Mattos, et al., 2025 WL 3205356, *24 (D. Nev. 2025) (noting that being free from imprisonment is "the most elemental of liberty interests") (internal quotation marks omitted). Where "the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." Warsoldier v. Woodford, 418 F.3d 989, 1001-02 (9th Cir. 2005) (internal quotation marks omitted).  There is no doubt that petitioner has been and will continue to be irreparably harmed by the continued deprivation of her liberty in violation of her due process rights.

3. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of either releasing petitioner and/or providing petitioner with an individualized bond hearing.

4. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District pending final resolution of this case, or unless executing a final order of removal issued against petitioner.

5. Given that the standard for granting a TRO and preliminary injunction are the same, see Stuhlbarg Int'l Sales Co., 240 F.3d at 839 n. 7, the court will construe petitioner's Application as an application for a preliminary injunction ("PI Application").

6. Respondents shall file their opposition to the PI Application by no later than **December 29, 2025**. Failure to file their opposition by the deadline set forth above shall be deemed as consent to the granting of the PI Application.

7. Petitioner shall file her Reply in support of her PI Application by no later than **January 2, 2026**.

8. The court shall decide, after reviewing the parties' papers, whether to hold a hearing on the PI Application or take the PI Application under submission.

Dated this 23rd day of December, 2025.

/s/
Fernando M. Olguin
United States District Judge